IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRENCE JAMES LANDRY,

    Petitioner,                     No. CIV S-07-1311 FCD EFB P

    vs.

JAMES TILTON,

    Respondent.                 ORDER

_____/

      Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Currently pending before the court is respondent's motion to dismiss based on the abstention doctrine and petitioner's habeas corpus petition pending before the California Supreme Court. For the reasons explained below, the motion must be denied.

**I.    Procedural History**

      On April 18, 2002, petitioner was convicted of several counts of sexual assault and sentenced to serve a term of 38 years to life in prison. He appealed, and on April 30, 2003, the appellate court affirmed the judgment. Resp.'s Mot. to Dism., Docs. Lodg. in Supp. Thereof ("Lodg. Doc.") 2. He then filed a petition for review of this judgment in the California Supreme Court, but the petition was denied. His only application for a writ of habeas corpus challenging this conviction in the state courts was his November 20, 2007, petition filed in the California

Supreme Court. Lodg. Doc. 5. Petitioner filed this action on July 3, 2007.

Respondent moves to dismiss base on the *Younger* abstention doctrine. This doctrine bars federal courts from enjoining an ongoing criminal prosecution in a state court except under extraordinary circumstances where the danger of irreparable loss is both great and immediate. *Younger v. Harris*, 401 U.S. 37, 46 (1971). Respondent has not shown how the doctrine has application here. There is no ongoing prosecution. The petitioner was convicted of various sex crimes in 2001 and was sentenced to a term of 38 years to life in prison. Pet., at 1. That judgment of conviction has long since been final. At the time the respondent filed this motion, the activity in the California Supreme Court was the petitioner's attempt to obtain post-conviction relief, and not a pending prosecution. The *Younger* abstention doctrine has no application to the question of whether the petitioner may proceed in federal court while he seeks habeas corpus relief in the California Supreme Court. Thus, there is no basis for granting the respondent the relief he seeks.

Perhaps respondent has confused the abstention doctrine with the exhaustion requirement, codified at 28 U.S.C. § 2254(b). Having examined the record in this case, the court notes that the petitioner filed an amended petition on June 2, 2008. Attached to it is a copy of the order of the Supreme Court of California in case number S158379 showing that his petition in that court was denied on May 14, 2008.[1] While exhaustion of available state remedies may be an issue here, respondent fails to make any argument under the applicable law. Moreover, the fact that the petitioner has filed an amended petition may have rendered moot any argument the respondent might have had about the petitioner's failure to exhaust. Accordingly, the motion to dismiss will be denied without prejudice.

////

////

---

[1] The court also observes that page five is missing from the amended petition.

2

Accordingly, it is hereby ORDERED that:

1. Respondent's December 6, 2007, motion to dismiss on the ground of *Younger* abstention is denied without prejudice.

2. Petitioner shall, within 30 days from the date of this order, file an amended petition that is complete and includes any missing pages. If petitioner fails to comply with this order, this action will proceed based on the incomplete amended petition filed on June 2, 2008.

3. Respondent shall file and serve a response within 60 days from the date that petitioner's amended petition is filed, or within 60 days of the date it should have been filed if petitioner decides not to amend. *See* Rule 4, Fed. R. Governing § 2254 Cases. The response shall be accompanied by any and all transcripts or other documents relevant to the determination of the issues presented in the amended petition. *See* Rules 4, 5, Fed. R. Governing § 2254 Cases.

4. Petitioner's reply, if any, shall be filed and served within 30 days of service of an answer.

Dated: October 29, 2008.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE