IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRENCE JAMES LANDRY,

    Petitioner,                    No. CIV S-07-1311 FCD EFB P

    vs.

JAMES TILTON,[1]

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

    Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. On October 30, 2008, the court denied respondent's motion to dismiss without prejudice, and granted petitioner leave to file an amended petition. On December 1, 2008, petitioner filed a second amended petition. Thereafter, respondent moved to dismiss this action upon the ground it is untimely. Petitioner opposes, asserting that he is entitled to statutory and/or equitable tolling. For the reasons explained below, the court finds that respondent's motion should be granted.

////

////

---

[1] Michael Martel is substituted as respondent. *See* Rule 2(a), Rules Governing § 2254 Proceedings; Fed. R. Civ. P. 25(d).

## I.      Procedural History

On April 18, 2002, petitioner was convicted of several counts of sexual assault and sentenced to serve a term of 38 years to life in state prison. Resp.'s Mot. to Dism., Docs. Lodged in Supp. Thereof ("Lodged Docs.") 1, 2. He appealed, and on April 30, 2003, the appellate court affirmed the judgment. *Id.* at 2. He then filed a petition for review of this judgment in the California Supreme Court, which that court denied on July 9, 2003. *Id.* at 3, 4. Petitioner subsequently filed six state post-conviction collateral challenges, the earliest of which he filed on January 13, 2005.[2] *Id.* at 5, 7, 10, 12, 14, 16. Petitioner filed this action on July 3, 2007.

## II.     Statute of Limitations

A one-year limitation period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). The judgment on direct review becomes final when the 90-day limit for filing a petition for certiorari expires. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

The limitations period "is not tolled from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). The period is tolled once a petitioner properly files a state post-conviction application, and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2) (statutory tolling). In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a

---

[2] Even though the petition is file-stamped February 2, 2005, Lodged Doc. 5, for purposes of the present motion, the court deems the petition filed the date reflected on the certificate of service. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's notice of appeal deemed timely filed on the date it was delivered to prison staff for delivery to the court); *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002) (mailbox rule applies to petitions filed in state court). *See also* Resp.'s Mot. to Dism. at 2, n.3.

higher court. *Carey v. Saffold*, 536 U.S. 214, 223 (2002). A federal habeas application does not toll the limitations period under 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Additionally, the United States Supreme Court has recognized that a habeas petitioner may be entitled to equitable tolling if he establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In light of this pronouncement, the Ninth Circuit has reiterated that the threshold necessary to trigger equitable tolling is very high, and clarified that equitable tolling only applies where a petitioner shows that despite diligently pursuing his rights, some external force caused the untimeliness. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009).

Petitioner has the burden of showing facts entitling him to statutory and to equitable tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

**III.   Analysis**

On July 9, 2003, the California Supreme Court denied review. Lodged Doc. 4. The state appeal process became "final" within the meaning of § 2244(d)(1)(A) when the time for filing a petition for writ of certiorari expired ninety days later, on October 7, 2003. Supreme Ct. R. 13; *Bowen*, 188 F.3d 1157. The one-year limitations period commenced running the following day. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).[3] Thus, petitioner had until October 7,

---

[3] Petitioner, citing to *Hasan v. Galaza*, 254 F.3d 1150 (9th Cir. 2001), appears to argue that the statute of limitations on his ineffective assistance of counsel claims should not begin to run until the "date on which he became aware of facts that allowed him to assert" those claims in good faith. Pet'r Surreply at 3; *see also* Pet'r Opp'n at 2. While 28 U.S.C. § 2244(d)(1)(D) provides an alternative start date to the statute of limitations based "on the date on which the factual predicate of the claim or claims could have been presented through the exercise of due diligence," petitioner provides no facts regarding when he purportedly became aware of the facts giving rise to his ineffective assistance of counsel claims. Given that these claims are based on counsels' alleged failure to raise various issues at trial and on appeal, such claims are based upon conduct known to petitioner on or before the date his judgment became final. *See* Second Am.

2004 to file his federal habeas petition. However, petitioner did not file a petition in federal court until July 3, 2007. Absent tolling, petitioner's application in this court is over two-and-a-half years late.

According to petitioner, he is entitled to statutory and/or equitable tolling. However, petitioner did not file any state post-conviction applications during the one-year limitations period. Therefore, petitioner is not entitled to statutory tolling. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (once limitations period ends, subsequently filed state court petition will not revive it).

Furthermore, equitable tolling is applicable only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Roy v. Lampert*, 455 F.3d 945, 950 (9th Cir. 2006). Specifically, the prisoner must show that the extraordinary circumstances were the cause of his untimeliness. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). Equitable tolling is justified in few cases, as the threshold necessary to trigger such tolling is very high. *Id.* The petitioner bears the burden of showing that he is entitled to equitable tolling, and the determination whether such tolling applies is a fact-specific inquiry. *Id.*

Petitioner contends that from July 9, 2003, when the California Supreme Court denied his petition, to the present, petitioner "began filing all known/available court papers to address his illegal sentence, as well as his conviction." Pet'r Opp'n at 2. Petitioner asserts that the documents he sought were necessary to prove his claims. Pet'r Surreply at 2, Pet'r Decl. in Supp. Thereof ("Pet'r Decl.") at 2. Petitioner's argument lacks the specificity required to account for the two and a half year delay, or really, any portion of that delay. Rather, petitioner generally asserts that he is entitled to tolling because he diligently sought, over the course of

---

Pet. at 5, 5A. *See also Hasan*, 254 F.3d at 1154 n.3 ("'Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'" (citation omitted).). Thus, even if petitioner had presented facts to support his argument for an alternative start date, which he has not, it would not help him because it would not result in a delayed start of the statute of limitations.

4

several years, certain documents that he insists were necessary to prove his claims. Although not detailed in his opposing papers, the record in this action reflects that petitioner did in fact request "trial files" from the trial court and redacted copies of the jury questionnaires used during voir dire from the appellate court. Lodged Doc. 5 at 6, 6A, Ex. H (March 29, 2004 denial of request for trial files), Ex. I (December 20, 2004 denial of June 2004 request for jury questionnaires). However, it is not clear when petitioner requested the "trial files," or why petitioner waited almost nine months after the statute of limitations started running to request the jury questionnaires. Aside from theses two motions, there is no indication that petitioner otherwise sought the requested documents. On this record, the court cannot conclude that petitioner diligently pursued his rights. Moreover, petitioner fails to explain why he could not file his petition without these documents. Thus, petitioner has not shown that some external force caused his untimeliness.

Similarly, petitioner's argument that his six state post-conviction challenges evidence his diligence also fails. *See* Pet'r Surreply at 1. Petitioner's argument is conclusory and completely lacking in factual support. Petitioner did not file his first state post-conviction petition until January 13, 2005, over three months after the statute of limitations ended. *See* Lodged Doc. 5. There is also an unexplained gap exceeding one-and-a-half years between petitioner's second and third petitions. *See id.* at 9 (second petition denied on December 13, 2005), 12 (third petition filed on July 3, 2007).[4] Once again, the record does not support petitioner's claim of diligence, and petitioner simply fails to explain what extraordinary circumstances prevented him from timely filing his federal petition.

Petitioner explains that he has no legal experience and has been forced to rely on jailhouse lawyers. Pet'r Opp'n at 2; Pet'r Surreply at 2, 4, Pet'r Decl. at 1, 2. He adds that it has

---

[4] During this period, petitioner appealed the December 13, 2005 denial of his second petition, however, the appeal was dismissed as being taken from a non-appealable order. *See* Lodged Doc.10 (petitioner's February 8, 2006 appeal), 11 (February 23, 2006 denial of appeal).

5

been difficult for him to obtain legal assistance due to the nature of his crimes and the fact that his jailhouse lawyers are often transferred to other prisons. Pet'r Opp'n at 2; Pet'r Surreply at 2, 4. Petitioner's lack of legal training or pro se status is not an extraordinary circumstance warranting equitable tolling. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Moreover, petitioner's reliance on fellow inmates and his difficulty in obtaining legal assistance are not sufficient, as prisoners are not entitled to legal assistance in collateral proceedings as a matter of right. *Miranda v. Castro*, 292 F.3d 1063, 1067-68 (9th Cir. 2002) (no constitutional right to counsel in state post-conviction proceedings or on federal habeas corpus). *See also Hughes v. Idaho Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (release of inmate's legal assistant did not excuse procedural default); *Amavisca v. Scribner*, No. 05-1632 SMS HC, 2006 U.S. Dist. LEXIS 93198, *13-16 (E.D. Cal. Dec. 8, 2006) (petitioner not entitled to equitable tolling based on alleged ignorance of the law or assistance by a jailhouse lawyer because his "reliance on an inmate assistant was strictly voluntary and he could have filed his petition at any time."). Thus, petitioner's alleged ignorance of the law and reliance on jailhouse lawyers do not entitle him to equitable tolling.

Next, petitioner asserts that he could not timely file his petition because he was transferred to another prison. Pet'r Opp'n at 2; Pet'r Surreply at 4; Pet'r Decl. at 2, 3. Petitioner offers no specifics as to how his prison transfer affected his ability to meet time deadlines. Moreover, the only transfer noted by petitioner is a transfer to Mule Creek State Prison in August 2005, almost one year after the statute of limitations had expired. Pet'r Decl. at 2. Thus, petitioner's transfer to Mule Creek cannot be the cause of his untimeliness.

Finally, petitioner attempts to circumvent the statute of limitations bar by claiming he meets the standard for the "actual innocence" gateway articulated by *Schlup v. Delo*, 513 U.S. 298 (1995). Pet'r Opp'n at 2. Neither the Supreme Court nor the Ninth Circuit has decided whether there is an actual innocence exception to a violation of § 2244(d)'s limitations period.
////

*See Majoy v. Roe*, 296 F. 3d 770, 775-76 (9th Cir. 2002). Even if an actual innocence exception to a violation of the limitations period existed, petitioner has not met the standard for actual innocence.

Under the actual innocence standard, a petitioner must establish that the alleged constitutional error "has probably resulted in the conviction of one who is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). Petitioner must demonstrate not just that a reasonable doubt exists in light of the new evidence, but rather, that in light of the new evidence, no reasonable juror would have found him guilty. *Schlup*, 513 U.S. at 329; *see House v. Bell*, 547 U.S. 518, 537 (2006) (a credible *Schlup* gateway showing "requires new reliable evidence . . . that was not presented at trial."). Petitioner's conclusory argument that he is actually innocent of "at least one count" falls far short of this standard. Pet'r Opp'n at 2. Moreover, petitioner does not point to any new evidence. Rather, petitioner's actual innocence argument is premised on his claim he received an illegal sentence based on evidence that the trial court "illegally admitted."[5] *Id.* at 2; Pet'r Surreply at 3.

In sum, petitioner's arguments are devoid of any specific facts from which this court could determine that despite proceeding diligently, extraordinary circumstances beyond petitioner's control made it impossible for him to timely file a petition. Therefore, petitioner is not entitled to equitable tolling.

////

////

////

---

[5] Petitioner continues, arguing that an illegal sentence may be "addressed at any time." Pet'r Opp'n at 2. Petitioner does not offer any authority, state or federal, for this proposition. Nevertheless, assuming petitioner's argument is a correct statement of California law, "it does not in any way impugn the constitutionality of the [federal] one-year limitation period . . . ." *See Isabello v. Clark*, No. 1:08-cv-01597 TAG HC, 2008 U.S. Dist. LEXIS 99157, at *13-14 (E.D. Cal. Nov. 25, 2008).

**IV.     Conclusion**

Petitioner is not entitled to statutory or equitable tolling and cannot meet the actual innocence gateway.  Therefore, the petition is untimely by over two-and-a-half years and should be dismissed.

Accordingly, it is hereby RECOMMENDED that respondent's February 4, 2009 motion to dismiss be granted and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fifteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 25, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

8